## El Pueblo *v.* Melendez.

Apelación procedente de la Corte de Distrito de

Guayama.

No. 11.   Resuelto en 30 de Marzo, 1905.

Delitos contra el derecho electoral.—Felony.—El delito previsto y castigado en el art. 161 del Código Penal es de carácter *felony*, para el conocimiento del cual no tienen jurisdicción las Cortes Municipales.

Delitos cometidos por funcionarios públicos.—Delitos no sancionados expresamente por el Código.—Los delitos que pueden ser castigados con arreglo al art. 93 del Código Penal, son aquellos para los cuales la ley no prescribe otro castigo, pero si el delito estuviere expresamente sancionado por alguna disposición del Código, deberá perseguirse y castigarse con arreglo á ésta.

Habeas Corpus.—Extralimitación de jurisdicción.—Prisión ilegal.—Si un Tribunal hubiere juzgado y condenado á un acusado por un delito respecto del cual no tuviere jurisdicción, habrá incurrido en una extralimitación de jurisdicción, y en su virtud, la prisión del acusado es ilegal y tiene derecho á ser excarcelado en un procedimiento de Habeas Corpus.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Falcón.*

Abogado del Pueblo: *Sr. Rossy,* Fiscal.

El Juez Asociado Sr. Figueras, emitió la siguiente opinión del Tribunal.

Según declaraciones juradas que constan en la certificación que antecede se procedió en el Juzgado Municipal de Cayey á nombre de "El Pueblo de Puerto Rico" contra Onofre Melendez que hacía de Presidente del Precinto No. 42 por delito contra el derecho electoral, consistente éste en retardar por diferentes medios la emisión del voto de varios electores ya con preguntas impertinentes, ya haciéndolos variar de sitio, ya comenzando la votación con retraso, etc., etc.

El Juez Municipal de Cayey, después de oir las pruebas propuestas y los informes del Fiscal especial Hon. E. B. Wilcox y del abogado Don Ramón Falcón, dictó sentencia en 21 de Febrero del año corriente condenando á Onofre Meléndez á dos meses de arresto en la Cárcel del Distrito y al pago de costas.

Ingresó Onofre Melendez en la Cárcel y para conseguir su libertad solicitó de la Corte de Distrito del Distrito de Guayama un auto de Habeas Corpus bajo el fundamento de que se le había juzgado y condenado por el Juez Municipal de Cayey sin tener para ello la debida jurisdicción. Diligenciado en debida forma el auto de Habeas Corpus, dió por resultado que el Juez de la referida Corte de Guayama, reconociendo como justo el fundamento de la solicitud, decretó la excarcelación de Onofre Melendez en resolución de trece del corriente quedando en libertad el referido peticionario.

El Fiscal del Distrito, en representación del Fiscal especial para los delitos electorales, Hon. E. B. Wilcox, interpuso recurso de apelación y remitidas las correspondientes copias se señaló día para la vista en cuyo acto informó in voce el Fiscal de esta Corte Suprema que argumentó en favor de la revocación de la sentencia que dictó la Corte de Guayama excarcelando á Onofre Melendez y que en su consecuencia se le mande á encarcelar nuevamente.

Sostuvo la jurisdicción del Juez Municipal de Cayey, razonando de la manera siguiente:

El artículo 44 del Código Penal vigente, dice:

"Un acto ú omisión penable de distintos modos por distintas disposiciones de este Código, podrá castigarse con arreglo á cualquiera de dichas disposiciones, pero en ningún caso bajo más de una. etc. etc."

Es así, dijo, que los actos ú omisiones cometidos por Onofre Melendez están penados de distinto modo por el artículo 93 y por el 161 del referido Código Penal, luego puede juzgarse y condenarse por el 93 que como se refiere á delitos calificados como "Misdemeanor" es de la perfecta jurisdicción del Juez Municipal de Cayey.

Pero esta teoría no puede sostenerse porque hay que leer en toda su integridad ese artículo 93 que dice así:

"Toda persona que, ocupando un empleo público, obstinadamente rehusare ó descuidare cumplir las obligaciones de dicho empleo, ó que infringiere cualquiera disposición legal relativa á sus obligaciones ó las de su cargo y para lo cual no se hubiese señalado otra pena, incurrirá en multa máxima de cinco mil (5.000) dollars, ó carcel por el término máximo de un año, ó en ambas penas".

De su lectura se vé que ese artículo es aplicable en su caso y cuando *no se hubiera señalado otra pena;* pero como hay otra disposición en el Código, artículo 161, que señala otra pena y que está en el Título XI que trata de los delitos contra el derecho electoral que es precisamente el perseguido, no hay necesidad de desnaturalizar los hechos acudiendo al artículo 93 del Título VIII del Código que trata de delitos cometidos por el Poder Ejecutivo y en contra de éste, cuando los hechos perseguidos en nada se refieren á esta clase de actos ó delincuencias.

Se trata, repetimos, de un delito electoral, se trata de infracciones referentes á la ley de elecciones vigente en esta Isla, se trata de actos ú omisiones no penables de distintos modos por distintas disposiciones del Código, como se afirma, sino de actos ú omisiones definidos y penados por una sola disposición, artículo 161, y no hay más camino sin sacar las cosas de su significación y alcance natural que acudir á esa disposición que define el hecho y sanciona la penalidad de modo categórico.

Siendo esto así hay que llegar á la conclusión de que los hechos tal y como por ahora se han presentado constituyen un delito de "felony" y por consiguiente no tuvo jurisdicción el Juez Mnuicipal de Cayey para juzgar y condenar á Onofré Melendez porque á ello se opone la Sección 4a. de la Ley reorganizando el sistema judicial aprobada en 10 de Marzo de 1904. Deduciéndose de aquí que solo era competente para juzgarle y condenar á dicho Melendez la Corte de Distrito del Distrito de Guayama y por tal razón obró ésta dentro de la más extricta justicia al re-

solver de modo favorable al peticionario la solicitud de Habeas Corpus puesto que su prisión contenía el vicio grave de haber sido decretada por un Juez que para ello carecía de jurisdicción.

En mérito de esas razones proponemos la confirmación de la resolución que en trece de Marzo corriente dictó la Corte de Distrito de Guayama.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados, Hernández y MacLeary.

El Juez Asociado Sr. Wolf no formó Tribunal en la vista de este caso.